**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO. 1:12-cv-01733-WJM-BNB**

**ELIZABETH E. WILLIAMS,**

    **Plaintiff,**

**v.**

**PALISADE ACQUISITION XVI, LLC a/k/a Palisades Collection LLC,**

    **Defendant.**

_____

**ANSWER OF DEFENDANT PALISADES COLLECTION, LLC**
_____

Defendant Palisades Collection, LLC ("Palisades"), incorrectly set forth in the caption as "Palisade (sic) Acquisition XVI, LLC a/k/a Palisades Collection, LLC" as and for its Answer to the Complaint of Elizabeth E. Williams ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

    1.    In response to Paragraph 1 of Plaintiff's Complaint, Palisades admits that Plaintiff brings this matter alleging violations of the statutes therein set forth, but denies that it violated any law.

    2.    In response to Paragraph 2 of Plaintiff's Complaint, Palisades admits that the statutes referenced confer jurisdiction upon this Honorable Court but denies that jurisdiction is appropriate as there has been no violation of law.

    3.    Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Palisades admits that it is a limited liability company with a registered agent in Delaware. Palisades denies that it is a Maryland corporation.

7. Palisades denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Palisades denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of Plaintiff's Complaint, Palisades admits that Plaintiff sent a dispute letter to it, but denies that it never validated the debt.

11. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Palisades admits that it sent Plaintiff validation of the debt, but denies that the balance was listed as $0.

14. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Palisades denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Palisades denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Palisades denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Palisades restates and realleges paragraphs 1 through 20 of this Answer as though fully set forth herein.

22. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Palisades denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint and all its subparts.

25. Palisades restates and realleges paragraphs 1 through 24 of this Answer as though fully set forth herein.

26. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. In response to Paragraph 28 of Plaintiff's Complaint Palisades states that the allegation is confusing and therefore denies the same.

29. Palisades admits the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. In response to Paragraph 30 of Plaintiff's Complaint, Palisades admits that Plaintiff set forth some examples of permissible purposes, but states that Plaintiff has omitted, intentionally or otherwise, that a permissible purpose exists in regard to the collection of a account.

31. Palisades denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint and states that upon acquisition of Plaintiff's unpaid accounts, Plaintiff had accounts with Palisades.

32. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint. Palisades states that it did not need Plaintiff's permission, as it obtained a permissible purpose via Plaintiff's refusal to pay her debts.

33. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Palisades denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. In response to Paragraph 35 of Plaintiff's Complaint, Palisades admits that it accessed Plaintiff's credit report and reported Plaintiff's account. Palisades further denies, upon information and belief, that Plaintiff has no idea how or why Palisades would claim to have accounts with her.

36. Palisades denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Palisades restates and realleges paragraphs 1 through 36 of this Answer as though fully set forth herein.

38. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Palisades lacks information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Palisades denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint, and all its subparts.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Palisades denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Palisades.

### THIRD DEFENSE

Any violation of any law, which Palisades denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, if applicable.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Palisades denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Palisades.

## FIFTH DEFENSE

Some or all of Plaintiff's FDCPA claims are barred by the applicable statute of limitations.

**WHEREFORE,** Palisades prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Palisades with prejudice and on the merits; and,

2. Awarding Palisades such other and further relief as the Court deems just and equitable.

Dated this 27th day of July, 2012.

                                                    Moss & Barnett, PA

                                                    s/ Michael S. Poncin
                                                    Michael S. Poncin
                                                    James R. Bedell
                                                    Moss & Barnett, PA
                                                    4800 Wells Fargo Center
                                                    90 South 7th Street
                                                    Minneapolis, MN 55402-4129
                                                    Telephone: (612) 877-5000
                                                    Fax: (612) 877-5999
                                                    E-mail: PoncinM@moss-barnett.com
                                                    E-mail: BedellJ@moss-barnett.com
                                                    Attorneys for Defendant
                                                    Palisades Collection, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  As Plaintiff is not listed as a registered user of the CM/ECF system, a true and correct copy of the forgoing has been mailed, via First Class U.S. Mail, to the following:

    Elizabeth E. Williams
    13843 Fairfax Street
    Thornton, CO 80602

    s/ Michael S. Poncin
    Michael S. Poncin
    Moss & Barnett, PA
    4800 Wells Fargo Center
    90 South 7th Street
    Minneapolis, MN 55402-4129
    Telephone: (612) 877-5290
    Fax: (612) 877-5056
    E-mail: PoncinM@moss-barnett.com